2 F.3d 1160
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Maya GRIFFEN; Jackie A. DUNSWORTH; Joanne PORTER; Penny
SIMS; Dan MURDOCK and All Others Similarly
Situated, Plaintiffs-Appellants,
v.
The CITY OF OKLAHOMA CITY, a Municipal Corporation,
Defendant-Appellee.
 No. 92-6195.
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1993.
 
 Before BALDOCK, HOLLOWAY, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiffs appeal from the district court's order granting summary judgment to the City of Oklahoma City ("Defendant"). We have jurisdiction under 28 U.S.C. Sec. 1291.
 
 
 2
 In 1991, Plaintiffs, who are employees and former employees of the Oklahoma City Jail, brought suit against Defendant, claiming, inter alia, negligent infliction of emotional distress.[1] Plaintiffs claimed that Defendant knew and concealed from them that the insulation on water pipes in the jail contained asbestos fibers. Plaintiffs further alleged that they were exposed to these asbestos fibers, and, as a result of their exposure, they have fear of contracting cancer in the future. The district court, concluding that Plaintiffs failed to present any evidence of compensable injury, granted Defendant's motion for summary judgment. We review a district court's order granting summary judgment de novo. Applied Genetics Int'l. Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990).
 
 
 3
 Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party carries the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the burden then shifts to the nonmoving party to demonstrate "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.
 
 
 4
 To establish negligence under Oklahoma law, a plaintiff must prove the defendant had a duty to protect the plaintiff from injury, a breach of that duty, and an injury resulting from the breach. Sloan v. Owen, 579 P.2d 812, 814 (Okla.1977). Recovery may be had for mental distress only where the distress is connected with physical injury. Ellington v. Coca Cola Bottling Co., 717 P.2d 109, 111 (Okla.1986). Although there is no Oklahoma case law, to date, which addresses whether damages may be recovered for fear of developing cancer later in life, see O'Banion v. Owens-Corning Fiberglass Corp., 968 F.2d 1011, 1013 (10th Cir.1992), a plaintiff may recover for mental distress where it is caused by physical injury or where the mental distress inflicts physical injury, Ellington, 717 P.2d at 111. In any event, a plaintiff may not recover where injury is speculative and uncertain. MBA Commercial Constr. Inc. v. Roy J. Hannaford Co., 818 P.2d 469, 474 (Okla.1991).
 
 
 5
 We conclude that the district court properly granted Defendant's motion for summary judgment. Plaintiffs' only claim of injury is that they experience fear of contracting cancer in the future. Plaintiffs have failed to allege or present any evidence that this fear is connected to a physical injury. Further, Plaintiffs have failed to present any expert medical evidence to substantiate their injury claims. In fact, apparently only one of the Plaintiffs has experienced enough fear to even discuss the issue with a medical professional. Given these uncontroverted facts, Plaintiffs' claimed injuries are speculative and uncertain, and therefore not compensable under Oklahoma law. As a result, Plaintiffs have failed to show the existence of an element essential to their case.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiffs originally filed suit in state court, asserting claims against Defendant under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, in addition to the claim pursued here. Based on the constitutional claims, Defendant removed the action to federal district court. The constitutional claims were later dismissed as part of the district court's judgment, and Plaintiffs have failed to pursue these claims on appeal