3 F.3d 336
 26 Fed.R.Serv.3d 551
 Maya GRIFFEN; Jackie A. Dunsworth; Joanne Porter; Penny
Sims; Dan Murdock and all others similarly
situated, Plaintiffs-Appellees,
v.
The CITY OF OKLAHOMA CITY, a Municipal Corporation,
Defendant-Appellant.
 No. 92-6335.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 10, 1993.
 
 James F. Davis, William D. Watts, Gretchen A. Harris, Michelle Johnson, of Andrews Davis Legg Bixler Milsten & Price, Oklahoma City, OK, for defendant-appellant.
 Michael Gassaway, David P. Henry, Oklahoma City, OK, for plaintiffs-appellees.
 Before BALDOCK, HOLLOWAY, and BRORBY, Circuit Judges.
 BALDOCK, Circuit Judge.
 
 
 1
 The City of Oklahoma City ("the City") appeals the district court's denial of its motion for attorney fees, costs, and sanctions pursuant to Fed.R.Civ.P. 11, Okla.Stat.Ann. tit. 12, Sec. 2011 (West 1993), and 28 U.S.C. Sec. 1927. We have jurisdiction under 28 U.S.C. Sec. 1291.
 
 
 2
 In 1991, Plaintiffs, employees and former employees of the Oklahoma City Jail, filed suit against the City in state court alleging negligent infliction of emotional distress, violations of the Emergency Planning and Community Right-to-Know Act, and violations of Occupational Safety and Health Act ("OSHA") regulations. Plaintiffs also asserted claims under the Oklahoma Governmental Tort Claims Act, and the First, Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.[1] In their complaint, Plaintiffs claimed that Defendant knew and concealed from them that the insulation on water pipes in the jail contained asbestos fibers. According to Plaintiffs, because Defendant's actions were intentional, and because Plaintiffs were also exposed to asbestos while off duty, their action was outside the Oklahoma's Worker's Compensation Act. Plaintiffs claimed that they experienced increased risk of cancer and other diseases, anxiety and mental anguish, injury to their immune systems and diseases in latency stages, and fear of cancer as a result of their alleged exposure to asbestos.
 
 
 3
 Based on the constitutional claims, the City removed the action to federal district court. The City then moved for summary judgment on all claims, and the district court granted the motion.[2] After judgment was entered dismissing Plaintiffs' action on the merits, the City filed a motion for attorney fees, costs, and sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, Okla.Stat.Ann. tit. 12, Sec. 2011 (West 1993), and 28 U.S.C. Sec. 1927.[3] The district court denied the City's motion, stating:
 
 
 4
 Upon due consideration, the court, having intimate knowledge of the [case], concludes that Plaintiffs' counsel did not violate Okla.Stat. tit. 12, Sec. 2011 in filing the Petition in this matter. In addition, the court concludes that Plaintiffs' counsel, in filing the other pleadings in this matter, did not violate Rule 11 of the Federal Rules of Civil Procedure and that his actions in this matter did not violate 28 U.S.C. Sec. 1927. The court thus concludes that the imposition of sanctions is not appropriate.
 
 
 5
 The City appeals the district court's denial of its motion for attorney fees, costs, and sanctions, claiming (1) the court abused its discretion in concluding that Plaintiffs' counsel did not violate Fed.R.Civ.P. 11, and (2) the court abused its discretion in failing to find liability under 28 U.S.C. Sec. 1927.
 
 I.
 
 6
 Three separate issues arise in the context of the City's Rule 11 argument. As a threshold matter, we must determine whether Plaintiffs or Plaintiffs' counsel can be subject to Rule 11 sanctions based on Plaintiffs' original complaint, which was filed in state court prior to removal to federal court. Second, we must determine whether the district court abused its discretion in failing to impose Rule 11 sanctions based on pleadings filed after removal. Finally, if Rule 11 sanctions are not appropriate based on Plaintiffs' original complaint, we must decide whether the district court has the authority to impose sanctions for the filing of the original complaint based on Okla.Stat.Ann. tit. 12, Sec. 2011 (West 1993), and, if so, whether the court abused its discretion in denying sanctions pursuant to Sec. 2011.
 
 A.
 
 7
 Federal Rule of Civil Procedure 11 provides in pertinent part:
 
 
 8
 Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction....
 
 
 9
 Fed.R.Civ.P. 11. From this language, it is apparent that the act of signing the pleading, motion, or other paper provides the certification that the action is not frivolous. See Dahnke v. Teamsters Local 695, 906 F.2d 1192, 1199 (7th Cir.1990); Oliveri v. Thompson, 803 F.2d 1265, 1274 (2nd Cir.1986) (en banc), cert. denied, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987). Therefore, sanctions are only appropriate if a pleading, motion, or paper is signed in contravention of the Rule. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990). A pleading or paper is signed in violation of Rule 11 only if the signer is subject to the Federal Rules of Civil Procedure at the time of the signing. Dahnke, 906 F.2d at 1199.
 
 
 10
 At the time a state court pleading is signed, the signer is not subject to the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 1 (the rules "govern the procedure in the United States district courts"); see also Kirby v. Allegheny Beverage Corp., 811 F.2d 253, 257 (4th Cir.1987). Accordingly, a pleading signed in a state court proceeding cannot be signed in violation of Rule 11, and a federal court may not impose Rule 11 sanctions against a signer of a paper filed in state court based solely on that paper's frivolousness. See Dahnke, 906 F.2d at 1199; Foval v. First Nat'l Bank of Commerce, 841 F.2d 126, 130 (5th Cir.1988); Hurd v. Ralphs Grocery Co., 824 F.2d 806, 808-09 (9th Cir.1987); Stiefvater Real Estate, Inc. v. Hinsdale, 812 F.2d 805, 809 (2d Cir.1987); Kirby, 811 F.2d at 256-57; see also Willy v. Coastal Corp., --- U.S. ----, ----, 112 S.Ct. 1076, 1079, 117 L.Ed.2d 280 (1992) ("Rule 11 appl[ies] to all district court proceedings"); Chambers v. Nasco, Inc., --- U.S. ----, ----, 111 S.Ct. 2123, 2145, 115 L.Ed.2d 27 (1991) ("the rule does not apply to papers filed in fora other than district courts") (Kennedy, J., dissenting); Cooter & Gell, 496 U.S. at 406, 110 S.Ct. at 2461 ("[n]either the language of Rule 11 nor the Advisory Committee Note suggests that the Rule could require payment for any activities outside the context of district court proceedings").
 
 
 11
 That the case is later removed to federal court does not change this result. A "violation of Rule 11 is complete when the paper is filed." Cooter & Gell, 496 U.S. at 395, 110 S.Ct. at 2455 (citation omitted). Although the Federal Rules of Civil Procedure "apply to civil actions removed to the United States district courts from the state courts," they only apply "after removal." Fed.R.Civ.P. 81(c) (emphasis added). "By obvious implication, the rules, including Rule 11, do not apply to the filing of pleadings or motions prior to removal." Kirby, 811 F.2d at 257.
 
 
 12
 Moreover, the removal of an action to federal court alone is capable of supporting the imposition of Rule 11 sanctions only if the Rule imposes a continuing obligation on the signer to update previously filed pleadings. Today we join those circuits that have concluded that Rule 11 does not impose such an obligation. See Dahnke, 906 F.2d 1192; Corporation of the Presiding Bishop v. Associated Contractors, Inc., 877 F.2d 938, 941-42 (11th Cir.1989), cert. denied, 493 U.S. 1079, 110 S.Ct. 1133, 107 L.Ed.2d 1038 (1990); Gaiardo v. Ethyl Corp., 835 F.2d 479, 484 (3d Cir.1987); Oliveri, 803 F.2d at 1274-75; see also Hilton Hotels Corp. v. Banov, 899 F.2d 40, 44-45 (D.C.Cir.1990) (commenting that interpretation of Rule 11 such that no continuing obligation to update pleadings is imposed, is most consistent with attorneys' duties under ethical codes); United Energy Owners Comm., Inc. v. United Energy Management Sys., Inc., 837 F.2d 356, 364-65 (9th Cir.1988) (holding that Rule 11 only applies to misconduct involving signing of papers). By its terms, Rule 11 only authorizes sanctions for the signing of a document in violation of the Rule. Fed.R.Civ.P. 11 ("If a pleading, motion, or other paper is signed in violation of this rule, the court ... shall impose ... an appropriate sanction"). Rule 11's emphasis on the need for the signer to perform a reasonable inquiry before signing suggests that the Rule authorizes sanctions only for unreasonable filings, not failure to amend or withdraw a previously filed document. Hilton Hotels Corp., 899 F.2d at 44; see Gaiardo, 835 F.2d at 484 ("Rule 11 sanctions are improper in situations which do not involve signing a paper"). Furthermore, the Advisory Committee Note to Rule 11 states that whether the signer's conduct amounts to a violation of Rule 11 is to be evaluated at the time a paper is signed. Fed.R.Civ.P. 11 advisory committee note; see Oliveri, 803 F.2d at 1274. As pointed out by the court in Oliveri, "[i]t is difficult to imagine why this comment would be made if the rule were meant to impose a continuing obligation on the attorney." 803 F.2d at 1274.
 
 
 13
 Having determined that a federal court may not impose Rule 11 sanctions against a signer of a paper filed in state court, and having determined that signers have no obligation under Rule 11 to make continuous updates to previously filed pleadings, we hold that no sanctions can be imposed under Rule 11 in an action that is removed to federal court, unless a party files sanctionable papers in federal court. Accord Dahnke, 906 F.2d at 1199-1201; Hurd, 824 F.2d at 808-09; Stiefvater Real Estate, Inc., 812 F.2d at 809; Kirby, 811 F.2d at 256-57; see also Foval, 841 F.2d at 130 (no Rule 11 sanction unless deficiency brought to signer's attention after removal and he or she refuses to correct it). Contra Herron v. Jupiter Transp. Co., 858 F.2d 332, 335-36 (6th Cir.1988) (holding that attorney has continuing obligation to review pleadings to conform to Rule 11). We therefore conclude that, in the instant case, the filing of Plaintiffs' complaint in state court cannot subject Plaintiffs or their attorneys to Rule 11 sanctions.
 
 B.
 
 14
 We now turn to the City's argument that the district court abused its discretion in failing to impose Rule 11 sanctions based on pleadings filed by Plaintiffs after the case was removed to federal court. In denying the City's motion for sanctions the court simply stated, "[u]pon due consideration, the court, having intimate knowledge of the [case], concludes that ... Plaintiffs' counsel, in filing the other pleadings in this matter, did not violate Rule 11 of the Federal Rules of Civil Procedure." We review all aspects of a district court's Rule 11 determination for an abuse of discretion. Cooter & Gell, 496 U.S. at 405, 110 S.Ct. at 2460.
 
 
 15
 "A serious Rule 11 motion is not a gnat to be brushed off with the back of the hand." Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1084 (7th Cir.1987) cert. dismissed, 485 U.S. 901, 108 S.Ct. 1101, 99 L.Ed.2d 229 (1988). Specific findings are not required when the reasons for denying a Rule 11 motion are apparent from the record, or when the justification for the district court's Rule 11 decision is readily discernible. Id.; Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866, 883 (5th Cir.1988) (en banc). When faced with a serious Rule 11 motion, however, a district court must make findings or give an explanation for its denial of the motion. Szabo Food Serv., Inc., 823 F.2d at 1084; Thomas, 836 F.2d at 883. Such findings or explanations must be "detailed enough to assist in appellate review, help assure the litigants that the decision was the product of thoughtful deliberation, and enhance the deterrent effect of the ruling." See White v. General Motors Corp., Inc., 908 F.2d 675, 681 (10th Cir.1990) (citation omitted), cert. denied, 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991).
 
 
 16
 In the instant case, the district court failed to make any findings and gave no explanations for its denial of the City's motion for Rule 11 sanctions. In our view, the City has made a colorable motion, and it is not obvious to us from the record why Rule 11 sanctions are not warranted. Because we cannot tell from the court's order why it refused to impose sanctions, we are left with no means by which to judge the exercise of the court's discretion. See Downie v. Independent Drivers Ass'n Pension Plan, 934 F.2d 1168, 1171 (10th Cir.1991). Accordingly, we have no alternative but to remand for those findings. See id.; Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir.1986) (remand where record provides no basis for appellate court to review district court's exercise of discretion).[4]
 
 C.
 
 17
 The City argues that, even if Rule 11 does not apply to Plaintiffs' original complaint, the court abused its discretion in concluding that the complaint did not violate Okla.Stat.Ann. tit. 12, Sec. 2011 (West 1993). The district court denied the City's motion for sanctions finding that "Plaintiffs' counsel did not violate [Sec. 2011] in filing the Petition in this matter."
 
 
 18
 Section 2011 is Oklahoma's counterpart to Rule 11.[5] The district court and both parties assume the federal district court has the authority to impose sanctions under Sec. 2011, which governs the imposition of sanctions for misuse of Oklahoma state courts. Because we have found no authority to the contrary, and because we see no compelling reason why the district court lacks such authority, we agree.
 
 
 19
 Of the handful of courts that have addressed this issue, all have concluded that a federal court may apply a state-law counterpart to Rule 11 to a pleading filed in state court prior to removal. See Harrison v. Luse, 760 F.Supp. 1394, 1401 (D.Col.), aff'd, 951 F.2d 1259 (10th Cir.1991); Schmitz v. Campbell-Mithun, Inc., 124 F.R.D. 189, 192 (N.D.Ill.1989); Crowell v. Holy Order of Mans, 39 Fed.R.Serv.2d 1223, 1224 (D.Mass.1984); In Re Wolf, 118 B.R. 761, 768 (Bankr.C.D.Cal.1990); see also Dahnke, 906 F.2d at 1200 (in case removed to federal court, the court stated, "[s]ince [appellants] filed their action in a state administrative agency ... any sanctions imposed against the appellants for their conduct in that forum must be based upon the rules of that forum, not ours"); Anthony v. Texaco, Inc., 803 F.2d 593, 595 n. 1 (10th Cir.1986) (cautioning attorneys in removal case against making facetious allegations due to constraints of Rule 11 and Okla.Stat.Ann. tit. 12, Sec. 2011); Columbus, Cuneo, Cabrini Medical Center v. Holiday Inn, 111 F.R.D. 444, 446 (N.D.Ill.1986) (applying Illinois sanctions law to complaint filed prior to removal). The court in Schmitz observed that because no federal law applies to the filing of a complaint in state court, no conflict between state and federal law exists, and the rule of Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), is irrelevant to this issue. 124 F.R.D. at 192. The Schmitz court further concluded, and we agree, that "to hold that we cannot apply [the state counterpart to Rule 11] would mean that a plaintiff could file utterly baseless papers in state court and escape sanctions that otherwise would have been imposed on him by that court because of the happenstance ... that the defendant removed the case to Federal District Court." Id.
 
 
 20
 We also note that in other situations, federal courts have applied state rules of procedure to conduct occurring prior to removal. In Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1282 (9th Cir.1980), the court held that since process was properly issued and timely served under state law prior to removal, such service remained sufficient after removal. The court also noted that although Fed.R.Civ.P. 41(b) applied to the removed action, whether the plaintiff failed to prosecute the case prior to removal was governed by state law. Id. at 1278 n. 5. See also McKenna v. Beezy, 130 F.R.D. 655, 656 (N.D.Ill.1989) (applying Illinois law governing failure to prosecute because conduct in question occurred prior to removal). Likewise, in Winkels v. George A. Hormel & Co., 874 F.2d 567, 570 (8th Cir.1989), the court held that the Minnesota procedural rule governing the commencement of actions applied to an action originated in state court and later removed to federal court. Finally, the Supreme Court in Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 439-40, 94 S.Ct. 1113, 1124, 39 L.Ed.2d 435 (1974), held that the removal of a case to federal court did not extend the duration of a temporary restraining order beyond its termination date under state law. We find these cases instructive, and we conclude that, in order to prevent a party from escaping sanctions for its improper conduct--as defined by state law--while in state court, upon removal of the case, a federal court may impose sanctions under the state-law counterpart to Rule 11 for such conduct.
 
 
 21
 Having determined that the district court had the authority to impose sanctions under Sec. 2011, we remand for the court to make findings or explain its reasoning for denying the City's motion for sanctions. See supra part I.B (we cannot review Rule 11 determinations without adequate findings); see also Okla.Stat.Ann. tit. 12, Secs. 2001-2127 (West 1993) introductory committee comment ("[a]pplication of the Oklahoma Pleading Code ... will be facilitated by reference to the appellate decisions from federal and state courts construing the Federal Rules").
 
 II.
 
 22
 The City appeals the district court's denial of its motion for attorney fees, costs, and sanctions pursuant to 28 U.S.C. Sec. 1927. The district court summarily denied the City's motion, stating that "[Plaintiffs' counsel's] actions in this matter did not violate 28 U.S.C. Sec. 1927." We review for abuse of discretion. See White v. American Airlines, Inc., 915 F.2d 1414, 1427 (10th Cir.1990).
 
 
 23
 Section 1927 provides that any attorney who multiplies proceedings "unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. Sec. 1927. Sanctions under Sec. 1927 are appropriate "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties." Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir.1987) (en banc).
 
 
 24
 Section 1927 is materially different from Rule 11. While Rule 11 requires the district court to impose sanctions if a document is signed in violation of the Rule, Sec. 1927 merely permits the district court to impose sanctions against an attorney who multiplies a proceeding. See 28 U.S.C. Sec. 1927. Nevertheless, both mandatory determinations under Rule 11 and discretionary determinations under Sec. 1927 are subject to our review under the same abuse of discretion standard. Accordingly, we hold that the requirement that a district court make findings or give an explanation for its denial of a serious Rule 11 motion, applies with equal force to a court's denial of sanctions under Sec. 1927. Cf. Braley, 832 F.2d at 1513 (citing Schwarzer, Sanctions under the New Federal Rule 11--A Closer Look, 104 F.R.D. 181, 199 (1985)) (holding that when sanctions imposed under Sec. 1927, district court must explain basis for sanction, in part, because "[f]indings and conclusions, even if only brief, ... assist in appellate review, demonstrating that the trial court exercised its discretion in reasoned and principled fashion.").
 
 
 25
 In the instant case, the district court gave no explanation for its denial of the City's nonfrivolous motion for sanctions under Sec. 1927, and the reason for the court's denial is not apparent to us from the record. Accordingly, we remand for the district court to make findings in support of its denial of the City's motion, so that we may have a "means by which to judge the exercise of the court's discretion." Downie, 934 F.2d at 1171.
 
 
 26
 REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 In their response to the City's motion for summary judgment, Plaintiffs failed to press any of their constitutional claims, except for those arising under the Due Process Clause. Plaintiffs also abandoned their action under the Oklahoma Governmental Tort Claims Act
 
 
 [2]
 In a separate unpublished opinion, we affirmed the district court's grant of summary judgment in favor of the City. See Griffen v. Oklahoma City, No. 92-6195, slip op., 1993 WL 307998 (10th Cir. Aug. 10, 1993). In the opinion, we upheld the district court's determination that Plaintiffs failed to present any evidence of compensable injury. Id
 
 
 [3]
 The City also requested sanctions pursuant to the district court's inherent authority to award attorney fees against a party who acts in bad faith. However, the district court did not address this issue in its denial of the City's motion, and should do so on remand
 
 
 [4]
 The City argues that we need not remand because it is obvious from the record that Plaintiffs' counsel violated Rule 11. We disagree. In reviewing a district court's summary denial of a Rule 11 motion for abuse of discretion, we do not review for the "obviousness" of the Rule 11 violation; rather, we review for the "obviousness" of the district court's ruling. Here, the district court denied the City's motion and it is not obvious to us why the court so ruled. Remand is therefore appropriate. See Cooter & Gell, 496 U.S. at 402-03, 110 S.Ct. at 2459 (district court better suited than appellate court to determine whether litigant's position is factually well grounded and legally tenable)
 
 
 [5]
 Section Sec. 2011 nearly tracks the language of Rule 11. The only substantive difference is that Sec. 2011 includes language expressly abolishing the rule in equity requiring corroborating evidence to overcome an answer made under oath. See Okla.Stat.Ann. tit. 12, Sec. 2011 (West 1993)