**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GALEN SCHRAG, MERLIN
KAUFMAN, MICHAEL MALONEY,
DALE MCCURRY, A.J. MCCURRY,
ROBERT MCCURRY, ODEL
MCCURRY, CECIL MCCURRY,
JAMES MEIER, WILLIAM G.
SCHWARTZ, JOHN R. NICKELSON,
individually, and in his capacity as
Administrator of the Estate of Neola
Nickelson,

       Plaintiffs,

  and

JAMES CRAIG DODD,

       Appellant,

v.

ROBERT SIMPSON, aka Bob
Simpson; and MARK YOUNGERS,

       Defendants-Appellees,

TED DINGES, GARY L. DINGES,
CHARLES BROOKS, ROSS B.
ALUMBAUGH, TOM ARMOUR,
FRED SHAFFER, PAGANICA, INC.,
DINGES INTERNATIONAL,
INC., AG-MARKETING
COMMODITIES, INC., FINANCIAL

No. 96-3302
(D.C. No. 88-CV-1373)
(D. Kan.)

INVESTMENTS, INC., KAROLYN
DINGES,

        Defendants.

_____

GALEN SCHRAG; MERLIN
KAUFMAN; MICHAEL MALONEY;
DALE MCCURRY; A.J. MCCURRY;
ROBERT MCCURRY; ODEL
MCCURRY; CECIL MCCURRY;
JOHN R. NICKELSON, individually,
and in his capacity as Administrator of
the Estate of Neola Nickelson,

        Plaintiffs,

JAMES MEIER; WILLIAM G.
SCHWARTZ,

        Plaintiffs-Cross-Appellees,

v.

TED DINGES; GARY L. DINGES;
MARK YOUNGERS; CHARLES
BROOKS; ROSS B. ALUMBAUGH;
TOM ARMOUR; FRED SHAFFER;
PAGANICA, INC.; DINGES
INTERNATIONAL,
INC.; AG-MARKETING
COMMODITIES, INC.; FINANCIAL
INVESTMENTS, INC.; KAROLYN
DINGES; CHARLES LIVINGSTON,

        Defendants,

No. 96-3321
(D.C. No. 88-CV-1373)
(D. Kan.)

ROBERT SIMPSON, aka Bob
Simpson,

Defendant-Cross-Appellant.

MICHAEL MALONEY; JOHN R.
NICKELSON, individually, and in his
capacity as Administrator of the Estate
of Neola Nickelson,

Plaintiffs,

GALEN SCHRAG; MERLIN
KAUFMAN; DALE MCCURRY; A.J.
MCCURRY; ROBERT MCCURRY;
ODEL MCCURRY; CECIL
MCCURRY; JAMES MEIER;
WILLIAM G. SCHWARTZ,

Plaintiffs-Cross-Appellees,

v.

TED DINGES; GARY L. DINGES;
CHARLES BROOKS; ROSS B.
ALUMBAUGH; TOM ARMOUR;
FRED SHAFFER; PAGANICA, INC.;
DINGES INTERNATIONAL,
INC.; AG-MARKETING
COMMODITIES, INC.; FINANCIAL
INVESTMENTS, INC.; KAROLYN
DINGES; ROBERT SIMPSON, aka
Bob Simpson; CHARLES
LIVINGSTON,

Defendants,

No. 96-3322
(D.C. No. 88-CV-1373)
(D. Kan.)

-3-

MARK YOUNGERS,

    Defendant-Cross-Appellant.

---

**ORDER AND JUDGMENT** [*]

---

Before **BRORBY** , **BARRETT** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these related appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

These three appeals arise out of a Fed. R. Civ. P. 11 sanction proceeding conducted on remand from a prior decision of this court. See Schrag v. Dinges , Nos. 94-3005, 94-3093, 94-3102, 1995 WL 675475 (10th Cir. Nov. 14, 1995) (affirming judgment for defendants and remanding for Rule 11 award against plaintiffs' primary counsel and determination of plaintiffs' personal liability under Rule 11). In appeal No. 96-3302, plaintiffs' primary counsel, James Craig

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-4-

Dodd, challenges the district court's order directing him to pay sanctions of $133,248.65 to defendant Mark Youngers and $65,614.29 to defendant Robert Simpson. In cross-appeal No. 96-3321, Simpson objects to the district court's denial of Rule 11 sanctions against plaintiffs' local counsel and against plaintiffs William G. Schwartz and James Meier personally. In cross-appeal No. 96-3322, Youngers also takes issue with the district court's refusal to sanction plaintiffs Schwartz and Meier, as well as plaintiffs Dale, A.J., Robert, Odel, and Cecil McCurry (McCurrys), Galen Schrag, and Merlin Kaufman.

As the issue of sanctions arose prior to the amendment of Rule 11 in 1993, we follow the district court in applying the earlier version of the rule. See Schrag, 1995 WL 675475 at **8 n.10 (prior appellate decision in this case applying pre-amendment rule); see also Barrett v. Tallon, 30 F.3d 1296, 1301 (10th Cir. 1994). We review "all aspects" of a Rule 11 determination for abuse of discretion, though "[a] district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). We reverse the denial of sanctions against plaintiffs Schwartz, Meier, and the McCurrys and remand for the determination of an appropriate award, but affirm the district court's judgment in all other respects.

# I

Counsel Dodd raises three objections to the sanction imposed against him. First, he argues the district court should have reduced it in light of defendants' failure to mitigate their expenses. See White v. General Motors Corp., 908 F.2d 675, 684 (10th Cir. 1990) ("The injured party has a duty to mitigate [Rule 11] costs by not overstaffing, overresearching or overdiscovering clearly meritless claims."). Specifically, he insists defendants knew early on of a significant factual misrepresentation in plaintiffs' pleadings but did not succeed in obtaining a favorable disposition thereon for some time. The district court held mitigation inapplicable here, where "[d]efense counsel ably handled this case under extremely difficult circumstances, but due to the nature of the case, were unable to resolve it until discovery had been conducted. Any fault for the protracted nature of this litigation lies solely with plaintiffs' counsel." R. IX doc. 967, at 10. This informed judgment-call, made "on the front lines of litigation," reflects a sound exercise of the district court's discretion with which we will not interfere. Barrett, 30 F.3d at 1302 (quotation omitted). Moreover, we note that the single instance of misconduct involved in Dodd's mitigation argument is just one of a number of bases upon which this court previously remanded for imposition of sanctions against him. See Schrag, 1995 WL 675475 at **12-**14 (discussing "several Rule 11 violations" committed by counsel).

Second, Dodd contends the district court did not properly consider his poor financial condition when assessing substantial monetary sanctions against him. Actually, the district court noted Dodd's financial difficulties and acknowledged that "[i]n this case then, ability to pay is a factor which weighs against a large sanction award." R. IX doc. 967, at 11. "However," it continued, "there are other factors which the court must consider, and ability to pay is not determinative on its own." Id.; see White, 908 F.2d at 685. The court went on to discuss a number of other considerations, including the fact that it was dealing with a repeat offender, whose persistent reiteration of substantive arguments previously rejected "demonstrate[d] at least a reckless disregard of RICO law in general and the Tenth Circuit's ruling in this case in particular." Id. at 12-13. We discern no abuse of discretion in the district court's conclusion that all the pertinent factors, collectively considered, warranted the sanctions imposed.

Third, Dodd complains of an allegedly inadequate opportunity to defend against sanctions. On the contrary, he was on notice of the pertinent issues since November 14, 1995, the date of this court's prior order and judgment; had ample opportunity on remand to present evidence, both testimonial at a February 26, 1996 hearing (consumed solely by his own testimony) and documentary for several months thereafter; and, finally, was heard during an argument proceeding conducted on June 17, 1996. Further, we note Dodd offers nothing but empty

generalities regarding the evidentiary deficiencies purportedly arising from the process to which he objects.

In sum, the district court afforded Dodd an adequate opportunity to defend under Rule 11. As the court's resulting decision reflects a sound exercise of its discretion, we affirm the sanction awards entered in favor of defendants Youngers and Simpson. We turn, then, to defendants' cross-appeals, which challenge the denial of sanctions against individual plaintiffs and plaintiffs' local counsel.

## II

Defendants sought sanctions against plaintiffs Meier, Schwartz, and the McCurrys on various bases, though we are primarily concerned here with the allegation that they misrepresented certain critical facts in their pleadings and discovery responses. The district court refused to sanction these parties, because they did not appreciate the significance of their factual misrepresentations. In so holding, the district court stretched a limited legal principle beyond its rationale and precedent. We therefore conclude that this portion of the district court's order must be reversed. See Cooter & Gell, 496 U.S. at 405.

This court "agree[s] with those circuits that have expressed the view that the sanctioning of a party requires specific findings that the party was aware of the wrongdoing." White, 908 F.2d at 685. Thus, such legal matters as the frivolousness of a claim or the impropriety of a discovery request, which are

"peculiarly [within] the province of lawyers," would not, without specific findings implicating knowing participation, support Rule 11 sanctions against a party. Id. at 686. By the same token, however, parties do bear responsibility for false statements of fact within their personal knowledge. See Calloway v. Marvel Entertainment Group, 854 F.2d 1452, 1474 (2d Cir. 1988) (noting, in portion of opinion relied on in White, that factual misrepresentation is example of wrongful conduct for which party may be sanctioned in addition to, or instead of, counsel), rev'd on other grounds, Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120 (1989); see, e.g., Elliott v. M/V Lois B., 980 F.2d 1001, 1007 (5th Cir. 1993) (affirming sanction against party for misrepresentation in pleading).

Defendants sought sanctions against plaintiffs Schwartz and Meier for two primary reasons, which exemplify either side of the distinction drawn above between province-of-party and province-of-counsel misconduct. On one hand, defendants contended, and the district court found, "plaintiffs knew the [stock] option [on which their RICO injury was based] belonged to the[ir] corporation rather than to them personally" and yet alleged personal ownership of the option in their pleadings and discovery responses. R. IX doc. 967, at 6-7. Nevertheless, citing White's lay mens rea requirement, the court refused to sanction plaintiffs, because they "had no reason to understand . . . that as [mere] shareholders of the

corporation,. . . [they] were not the real parties in interest to bring this RICO claim." Id. at 7. This was error. Under the principle and precedent cited above, a knowing factual misrepresentation warrants sanction; there is no additional requirement that the party know the nature and extent of the legal complications the misrepresentation causes--though that may well be an important consideration with respect to the amount of the sanction imposed. It bears emphasis that the district court did *not* find plaintiffs were under any misconception that corporate property was their property, which would have been a legal mistake within the province of counsel. Rather, the court expressly found "plaintiffs knew the option belonged *to the corporation rather than to them personally;* " they just did not appreciate the importance of this fact for their standing to assert a RICO claim. Id. (emphasis added). Again, the latter consideration may substantially diminish their monetary liability, but some sanction should have been imposed. Under the pre-1993 version of Rule 11 applicable here, a sanction is mandatory once a violation is found. See Griffen v. City of Oklahoma City, 3 F.3d 336, 342 (10th Cir. 1993); see also Cooter & Gell, 496 U.S. at 404.

On the other hand, the second basis for sanctioning Schwartz and Meier (as well as co-plaintiffs Merlin Kaufman and Galen Schrag)--that they lacked personal knowledge of any actual involvement of defendants in the alleged racketeering--clearly falls in the province-of-counsel category. We agree with

-10-

the district court's analysis here: "It would be unusual in a case involving a far-reaching conspiracy of fraud for the victims to have personal knowledge of every participant's involvement.  In such a case, the plaintiffs are entitled to rely on their lawyer's investigation and conclusions.  There is no basis to conclude that plaintiffs were aware of their counsel's faulty investigation and failure to act reasonably in light of the results of his investigation." R. IX doc. 967, at 8.

The plaintiff McCurrys alleged, and reiterated in interrogatory answers, that defendant Youngers had mailed to them a certain escrow receipt, which, as a predicate act of mail fraud, was critical for their RICO claim against him.  At deposition, however, it was conceded that they actually did not know how they had come into possession of the receipt--then in an envelope with no outward indication of mailing.  As it had with respect to the Schwartz and Meier option allegation, the district court found that plaintiffs knew or should have known of the misrepresentation, but excused them because they had no reason to realize the legal significance of the matter.    Id. at 7.  For reasons already explained, we must reverse and remand for imposition of an appropriate sanction.  We emphasize, however, that the party sanctions sought by defendants--joint and several liability with counsel Dodd--are far beyond anything warranted by plaintiffs' minimal role in the misconduct of this case.

**III**

-11-

Finally, defendant Simpson challenges the district court's refusal to impose sanctions against plaintiffs' local attorneys. Simpson's counsel expressly withdrew his request in this regard before the prior appeals in this case. Indeed, we previously noted that fact and did not include Rule 11 proceedings against local counsel within the scope of our remand. See Schrag, 1995 WL 675475 at **12 n.12, 16. The district court properly denied Simpson's subsequent request to reopen the matter.

The judgment of the United States District Court for the District of Kansas is AFFIRMED in part, REVERSED in part, and the cause is remanded for further proceedings consistent with this order and judgment.

Entered for the Court


James E. Barrett
Senior Circuit Judge