**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 5 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

SHAMIRA NICOLAS and JANE DOE,

    Plaintiffs-Appellants,

ELVIN L. GENTRY, Special Administrator,

    Plaintiff,

v.

WILFRED PERKINS; RONALD PETERSON;
SPENCER J. CRONA; LYNN VANATTA;
JOHN ROE,

    Defendants-Appellees,

MICHAEL D. GROSS,

    Defendant.

No. 00-1457
(D. Colo.)
(D.Ct. No. 00-K-1414)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRISCOE**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**LUCERO**, Circuit Judge.

_____

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Shamira Nicolas, dissatisfied with her mother's testamentary disposition, brought thirteen federal and state law claims against various defendants while the probate of her mother's estate was pending in state court. The district court dismissed the action in its entirety with a brief order based generally on principles of comity and judicial economy. The district court also dismissed the federal claims under Federal Rules of Civil Procedure 12(b)(6) and 9(b), and it declined to exercise supplemental jurisdiction over the remaining state law claims. Ms. Nicolas appeals the district court's order. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand to the district court for further proceedings.

**FACTS**

Mary M.H. Pile died in 1998, leaving a will and a living trust[1] that apparently disinherited her daughter, the appellant, Ms. Nicolas. Because some provisions of the will conflicted with provisions of the trust, defendant Ms. Vanatta filed a motion to construe the trust in state probate court. While the state probate proceedings were pending, Ms. Nicolas filed this action in federal district

---

[1] Although Ms. Vanatta attached them to her brief, neither document is part of the record on appeal. Ms. Vanatta filed two motions to append additional materials from the state probate proceedings. We granted her second motion August 30, 2002, and now grant the first motion, filed January 22, 2002.

-2-

court.  At the time the complaint was filed, the state probate court had yet to appoint a personal representative for Mrs. Pile's estate.  Therefore, Ms. Nicolas brought the claims relating to her mother's estate on behalf of Jane Doe, the unnamed personal representative of Mrs. Pile's estate.[2]  The defendants -- Mr. Perkins, Ms. Vanatta, Mr. Crona, Mr. Gross, and Mr. Peterson – were involved in the execution of the trust or the state probate proceedings, or both.

In her complaint and amended complaint, Ms. Nicolas alleged the district court had jurisdiction over her various claims based on diversity of citizenship, federal question jurisdiction, or supplemental jurisdiction.  All the defendants filed motions to dismiss the complaint.  The district court dismissed the complaint in its entirety and Ms. Nicolas appeals.

## DISCUSSION

**Abstention**

In its order dismissing Ms. Nicolas' claims, the district court found "Plaintiffs' claims against Defendants arise out of their conduct in the ... probate

---

[2]  The state probate court subsequently appointed a Special Administrator of Mrs. Pile's estate.  However, upon stipulation of the parties, we dismissed the Special Administrator as a party to this appeal.

proceedings ..., and they may be adequately addressed in state court." The district court then determined "as a matter of comity and judicial economy, that [the claims] are inappropriate for review by this court."

In their appellate briefs, each party argues the district court relied on an abstention or related doctrine, perhaps the *Colorado River* doctrine,[3] when it dismissed the case based on principles of comity and judicial economy. Although the district court did mention abstention and related doctrines in an order to show cause and an addendum order,[4] its order dismissing the complaint in its entirety does not reveal which doctrine it relied upon and provides no reasoning for its decision. Given the lack of findings by the district court, we would be overstepping the limits of our review if we tried to make these findings in the first instance. *Fox v. Maulding,* 16 F.3d 1079, 1082 (10th Cir. 1994). Without findings

---

[3] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-20 (1976).

[4] The district court's order to show cause required Ms. Nicolas to address the abstention principles developed in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), and the *Rooker-Feldman* doctrine (*see District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923)). (App. at 91-92.) The district court's addendum ordered Ms. Nicolas to distinguish her case from *McKibben v. Chubb*, 840 F.2d 1525, 1529-30 (10th Cir. 1988), and the cases cited therein. (App. at 95.) In doing so, the district court noted, "claims which are ancillary to the challenge of a will belong in the state court's probate proceedings, not in federal court." (App. at 95.)

by the district court, "'we are left with no means by which to judge the exercise of the court's discretion.'" *Id.* (quoting *Griffen v. City of Oklahoma City*, 3 F.3d 336, 340 (10th Cir. 1993)). Therefore, we must remand to the district court for more specific findings concerning: (1) which abstention doctrine it applied, if any; (2) which factors it considered in making its determination; and (3) the weight it gave to each of those factors.

**Dismissal of Federal Law Claims**

The Third, Fifth, and Sixth claims for relief are federal claims brought under either the Racketeer Influenced and Corrupt Organizations Act or the Ku Klux Klan Act. The district court found Ms. Nicolas' allegations failed to state a viable claim for relief under Fed. R. Civ. P. 12(b)(6) and 9(b). We review the district court's dismissal of Ms. Nicolas' claims under Rule 12(b)(6) and Rule 9(b) *de novo*. *Scott v. Hern,* 216 F.3d 897, 906 (10th Cir. 2000); *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1251 (10th Cir. 1997). We accept all well-pled allegations in the complaint as true and construe the allegations in the light most favorable to the plaintiff. *Scott*, 216 F.3d at 906.

Even taking all of Ms. Nicolas' well-pled allegations as true, the defendants' activities simply do not comport with the elements of those claims; in

addition, the allegations were not pled with the particularity necessary to satisfy Fed. R. Civ. P. 9(b). We affirm the district court's dismissal of the federal law claims.

**Diversity Jurisdiction**

Ms. Nicolas argues the district court had diversity jurisdiction over her state law causes of action, pursuant to 28 U.S.C. §1332. She contends the district court "implicitly ruled that it lacked diversity jurisdiction over her claims."[5] The defendants claim diversity of citizenship is lacking for these claims or, if diversity does exist, the probate exception to diversity jurisdiction applies.

Because the district court's order does not address diversity jurisdiction, we must remand to the district court to consider in the first instance whether diversity of citizenship exists between the parties necessary to these claims. *See Amazon, Inc. v. Dirt Camp, Inc.,* 273 F.3d 1271, 1276-77 (10th Cir. 2001). If the district court finds diversity jurisdiction exists as to any of the state law claims for relief, it should then consider whether the probate exception to diversity jurisdiction applies and, if so, whether to exercise supplemental jurisdiction over the remaining

---

[5] Ms. Nicolas is a citizen of New York and the named defendants are citizens of Colorado.

state law claims.

## CONCLUSION

Accordingly, we **AFFIRM** the district court's dismissal of Ms. Nicolas'
federal law claims and **REVERSE** the district court's dismissal of her state law
claims.  We **REMAND** to the district court for further proceedings consistent with
this order and judgment.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge