Richard PREWITT; Judie Prewitt, Plaintiffs–Appellees,

v.

CITY OF ROCHESTER HILLS, Defendant–Appellant.

No. 00–1858.

United States Court of Appeals, Sixth Circuit.

Dec. 20, 2002.

818

Before BATCHELDER and MOORE, Circuit Judges; and FORESTER, Chief District Judge.*

## ORDER

The City of Rochester Hills, Michigan (the city) appeals through counsel a district court order denying its motion for sanctions pursuant to Fed.R.Civ.P. 11. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not necessary in this case. Fed. R.App. P. 34(a).

The Prewitts filed an action against the city alleging a taking of their property without due process. The Prewitts own property in the city's historical district. They sought permission in 1992 to demolish the existing house on the property from the local historical district council and were dented. That decision was affirmed in an administrative proceeding at the state level, and the appeal to the state circuit court was dismissed as procedurally defective. The Prewitts applied for a demolition permit again in 1995, and were again denied. The Prewitts filed an action in federal district court alleging a takings claim and due process violation, which was dismissed without prejudice: the district

court found that the claims were not ripe because the Prewitts had not filed an inverse condemnation action in the state courts. The Prewitts filed an action in the state courts in 1996, reasserting the claims of a taking of their property without due process. The state courts determined that the claims were barred by issue and claim preclusion, as the same claims had been raised in the administrative proceeding, and were finally decided against the Prewitts when they failed to properly appeal to the state courts. The Prewitts then filed the underlying complaint in the district court. The district court granted the city's motion for summary judgment, agreeing with the state courts that the claims were barred by issue and claim preclusion, and concluding that it lacked jurisdiction to entertain an appeal from the state court proceedings. However, the court denied the city's motion for sanctions under Fed.R.Civ.P. 11.

The Prewitts appealed from the summary judgment, but ultimately dismissed the appeal voluntarily. On cross-appeal from the denial of its sanctions motion, the city argues that remand is required because the district court failed to set forth any findings in support of its denial of the motion.

This court reviews a decision on a motion for Rule 11 sanctions for an abuse of discretion. *Vild v. Visconsi*, 956 F.2d 560, 570 (6th Cir.1992). Where the district court has failed to set forth any findings supporting its denial of a motion for Rule 11 sanctions, remand is necessary. *Griffen v. City of Oklahoma City*, 3 F.3d 336, 341 (10th Cir.1993). Remand is appropriate because, where no reason for denying the motion for Rule 11 sanctions is given, this court cannot determine whether an

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

abuse of discretion has occurred. *Vild,* 956 F.2d at 571.

Because the city's argument has merit, the portion of the district court judgment denying Rule 11 sanctions is vacated and this matter is remanded for a statement of findings in support of the denial of the motion.