**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 25 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CENTER FOR LEGAL ADVOCACY,
doing business as the Legal Center for
People with Disabilities and Older
People, also known as The Legal
Center, Colorado's Protection and
Advocacy System, P&A System,

        Plaintiff-Appellant,

    v.

MICHAEL EARNEST, M.D., in his
official capacity as Medical Director
of Quality Review and Improvement;
PATRICIA GABOW, M.D., in her
official capacity as Medical Director
and Chief Executive Officer;
DENVER HEALTH AND HOSPITAL
AUTHORITY, also known as DHHA,
doing business as Denver Health
Medical Center, also known as
DHMC,

        Defendants-Appellees.

No. 03-1390
District of Colorado
(D.C. No. 01-WY-642-CB (MJW))

---

**ORDER AND JUDGMENT** *

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **EBEL** , **MURPHY** , and **McCONNELL** , Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Appellant Center for Legal Advocacy (the "Center") appeals the district court's denial of sanctions against Defendants Dr. Michael Earnest and Dr. Patricia Gabow and Defendants' legal counsel, pursuant to 28 U.S.C. § 1927 and federal common law. The grant or denial of a motion for sanctions is reviewed for abuse of discretion, with legal questions reviewed de novo. *Griffen v. City of Oklahoma City* , 3 F.3d 336, 342 (10th Cir. 1993); *Morganroth & Morganroth v. Delorean* , 213 F.3d 1301, 1317 (10th Cir. 2000).

28 U.S.C. § 1927 permits, but does not require, the district court to impose sanctions in the form of excess costs, expenses, and attorney's fees on "[a]ny attorney . . . who . . . multiplies the proceedings in any case unreasonably and vexatiously." This Court has held that sanctions are appropriate under §1927 when the attorney's conduct manifests an intentional or reckless disregard for his or her duties to the court. *Miera v. Dairyland Ins. Co.* , 143 F.3d 1337, 1342 (10th Cir. 1998). The standard to be applied is one of objective bad faith. Under this standard, sanctions are appropriate when: (1) an attorney attempts to mislead the

-2-

court; (2) an attorney intentionally acts without a plausible basis; (3) the entire course of proceedings is unwarranted; or (4) certain discovery is substantially unjustified and interposed for the purposes of harassment, unnecessary delay, and to increase the costs of litigation. *Id.* The standards that apply to a court's decision to exercise its inherent power to sanction an attorney or a party before it are not materially different. According to the Supreme Court, "a court may assess attorney's fees when a party has " 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991).

The Center seeks sanctions in connection with its successful litigation to compel the Denver Health and Hospital Authority and other Defendants (collectively, "Denver Health") to release medical records pertaining to the death of an indigent patient. In that litigation, Denver Health maintained that the records were subject to the Confidentiality of Alcohol and Drug Abuse Patient Records Act, 42 U.S.C. §290dd-2, and attendant regulations. The district court agreed with Denver Health, but this Court reversed. *Ctr. for Legal Advocacy v. Earnest*, 320 F.3d 1107 (10th Cir. 2003). On remand, Denver Health confessed judgment, and released all of the documents to the Center. The Center then moved for sanctions, contending that Denver Health conducted the litigation in bad faith and for dilatory purposes.

The district court denied the motion. The court stated that it "specifically finds that Defendants' attorneys acted in an objectively reasonable manner throughout the pendency of the case before the district court." The court further stated that "Plaintiff has not presented any evidence that Defendants' attorney misled the Court or acted without a plausible basis, that the entire course of proceedings was unwarranted, or that Defendants' attorneys engaged in dilatory or vexatious tactics." Finally, the court found that the Center had "not demonstrated that Defendants' attorneys acted in a manner evidencing serious and standard disregard for the orderly administration of justice." Because the Center raises substantially the same accusations of misrepresentation and baseless assertion against Defendants and their counsel, these conclusions are equally applicable to Drs. Earnest and Gabow.

The Center does not assert that the district court applied an incorrect legal standard. There is obviously no merit in the Center's claim that the district court made no findings of fact (Appellant's Br. 26). As the preceding summary indicates, the district court specifically made findings of fact as to each of the factors relevant to sanctions in our case law. Those findings were directly contrary to the Center's contentions. We have carefully reviewed the record and find no basis for disturbing the district court's judgment.

The principal issue in the underlying litigation was whether Denver Health constituted a "program" within the meaning of 42 C.F.R. § 2.11. *See Ctr. for Legal Advocacy*, 320 F.3d at 1109-10. The Center argues that the Defendants wrongly failed to disclose that their interpretation of the regulations was foreclosed by regulatory changes specifically designed to limit the circumstances under which an emergency room could be considered a "program." Defendants did not stress the history behind this change, but did include in their submissions to the district court accurate statements of the revised rule, including the standards applicable to emergency rooms. Their position was that even after the changes, their emergency room still qualified as a "program." This Court deemed the question substantial enough to warrant oral argument and decided the case in a published opinion. At no point in the course of the litigation did this Court or the district court suggest that Denver Health's position was frivolous. Indeed, Denver Health prevailed before both the Magistrate Judge and the district court, even after the Center made the very argument that supposedly rendered Defendants' position unsupportable.

It is no doubt true that many litigants believe that their opponents needlessly prolong the case, or that their opponents' position was "unsupported by law from its inception" or "untenable." Appellant's Br. 28. That does not make it sanctionable. Our legal system thrives on the vigorous presentation of

competing legal interpretations, and many an argument thought hopeless by some has prevailed in the end. Of course, there is a line between vigorous presentation and deceptive misrepresentation; parties are admonished to disclose all relevant law to the courts, even when the law does not support their position. But Appellant's many complaints about Denver Health's litigation tactics are singularly unpersuasive, and provide no reason to overturn the district court's conclusion that Defendants and their counsel stayed within the bounds of permissible advocacy.

The order of the United States District Court for the District of Colorado denying Appellant's motions for sanctions is **AFFIRMED** .

Entered for the Court,

Michael W. McConnell
Circuit Judge