FILED
United States Court of Appeals
Tenth Circuit

June 6, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LAURENCE R. GOODMAN,

Defendant-Appellant,

and

COUNTY OF GILPIN, COLORADO;
COLORADO DEPARTMENT OF
REVENUE; PATRICK MAXWELL;
JAN INGEBRIGSTEN,

Defendants.

No. 12-1481
(D.C. No. 1:11-CV-00274-RBJ-MEH)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **KELLY**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant Laurence R. Goodman failed to file income tax returns for multiple years, prompting the Internal Revenue Service (IRS) to assess substantial tax liabilities. The United States filed this action to reduce the assessments to judgment and to foreclose on real property owned by Mr. Goodman in Golden, Colorado. Following disposition of cross-motions for summary judgment, the district court entered judgment in favor of the United States in the amount of $1,375,062.69, plus penalties and interest, and issued an order of foreclosure and decree of sale with respect to the Golden property. Mr. Goodman now appeals. Finding his objections to the district court's disposition meritless, we affirm.

We review summary judgment de novo, applying the same standard used by the district court. *United States v. Botefuhr*, 309 F.3d 1263, 1270 (10th Cir. 2002). We will thus affirm the grant of summary judgment in favor of the IRS if it has "show[n] that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In the present context, the IRS was entitled to judgment as a matter of law if (1) the assessment was supported by a minimal evidentiary foundation—"some substantive evidence . . . demonstrating that the taxpayer received unreported income"—thereby raising a presumption that it was correct, and (2) Mr. Goodman failed to present substantial evidence to overcome the presumption. *United States v. McMullin*, 948 F.2d 1188, 1192 (10th Cir. 1991) (discussing basis for directed verdict in favor of IRS).

Mr. Goodman stopped filing returns in 1997. Using its Information Reporting Program Transcripts ("IRP Transcripts"), which reflect taxpayer data reported on such forms as W-2s, 1098s, and 1099s, the IRS assessed substantial deficiencies against Mr. Goodman for the tax years 1997-2000. This assessment is summarized in a sworn declaration by a revenue officer whose duties include researching and computing outstanding taxpayer balances. The IRP Transcripts attached to the declaration total nearly sixty pages and reflect information from accounts attributed to Mr. Goodman, as reported by third parties such as investment-management company Burke Christiansen and Lewis Securities, Inc., Norwest Bank, and Bellco Credit Union. Also attached to the declaration are notices of deficiency sent to Mr. Goodman, who returned them with objections regarding the fictional nature of the IRS and the fraudulent character of its actions. The United States filed all of this material in support of its motion for summary judgment. The district court concluded that this showing was sufficient to raise the presumption that the IRS assessment was correct and, because Mr. Goodman failed to offer any evidence to rebut the presumption, the United States was entitled to summary judgment.

Mr. Goodman's overarching objection is that the IRS materials, in particular the IRP Transcripts, were inadmissible and insufficient to support the presumption of correctness invoked by the United States. The IRP Transcripts and the information they contain, routinely compiled by the IRS from legally mandated reports submitted by third parties in the normal course of business, were admissible under the

business-record and public-record hearsay exceptions in Fed. R. Evid. 803(6) and (8). *See, e.g.*, *United States v. Hayes*, 861 F.2d 1225, 1228 (10th Cir. 1988); *Hughes v. United States*, 953 F.2d 531, 539-40 (9th Cir. 1992). And the declaration that accompanied this documentation provided adequate foundation and authentication. *See Hayes*, 861 F.2d at 1228 (recognizing adequacy of similar representations by IRS employee at trial). As for evidentiary sufficiency, the IRS materials reflecting assessments made on the basis of specific third-party reports of income satisfied the minimal evidentiary foundation required to trigger the presumption of correctness. *See, e.g.*, *Hardy v. C.I.R.*, 181 F.3d 1002, 1005 (9th Cir. 1999) (holding presumption triggered by Commissioner's submission of worksheets calculating deficiency based on report of income from taxpayer's employer).

Mr. Goodman also advances a number of secondary objections clearly lacking in merit. He contends that disposition of this case on summary judgment denied his right to a jury trial. But "[t]he law is well-settled that summary judgment does not violate the Seventh Amendment" right to a jury trial. *J.R. Simplot v. Chevron Pipeline Co.*, 563 F.3d 1102, 1117 (10th Cir. 2009). He objects to the United States bringing an action to seize property without an underlying judicial judgment, assertedly in violation of due process. As the United States points out, however, both the judgment and ultimate decree of foreclosure were obtained—with all process due—in this same action. It is common, and entirely proper, for the government to proceed in this way, pursuant to 26 U.S.C. §§ 7401 - 7403, seeking both to reduce an

assessment to judgment and foreclose on property to satisfy associated tax liens. *See, e.g.*, *United States v. Henshaw*, 388 F.3d 738, 740 (10th Cir. 2004); *United States v. Gibbons*, 71 F.3d 1496, 1498 (10th Cir. 1995). Mr. Goodman complains in passing that the government's motion for summary judgment put pressure on him to offer testimony in support of his case, burdening his Fifth Amendment right against self-incrimination. But the Fifth Amendment is not "a sword whereby a [party] asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his." *United States v. Rylander*, 460 U.S. 752, 758 (1983). "In other words, a party who asserts the privilege against self-incrimination must bear the consequences of lack of evidence." *United States v. $148,840.00 in United States Currency*, 521 F.3d 1268, 1274 (10th Cir. 2008) (internal quotation marks omitted). Finally, Mr. Goodman's briefing includes numerous obscure or inapposite legal references, as well as impertinent remarks about the government and the district court, which do not warrant further comment here.

The judgment of the district court is affirmed.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 5 -