**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

NEIL FEINBERG; ANDREA E.
FEINBERG; KELLIE McDONALD,

     Petitioners - Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE,

     Respondent - Appellee.

No. 18-9005

_____

**Appeal from the United States Tax Court**
**(Tax Court Nos. 10083-13 and 10084-13)**
_____

James D. Thorburn (Richard Walker with him on the briefs), Thorburn Walker LLC,
Greenwood Village, Colorado, for Petitioners–Appellants.

Francesca Ugolini, Tax Division Attorney (Richard E. Zuckerman, Principal Deputy
Assistant Attorney General, Gilbert S. Rothenberg, Tax Division Attorney, and
Nathaniel S. Pollock, Tax Division Attorney, with her on the briefs), Department of
Justice, Washington, D.C., for Respondent–Appellee.
_____

Before **LUCERO**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

**McHUGH**, Circuit Judge.
_____

Neil Feinberg, Andrea Feinberg, and Kellie McDonald (collectively, the

Taxpayers) were shareholders in Total Health Concepts, LLC (THC), a Colorado

company allegedly engaged in selling medical marijuana. After the Taxpayers claimed THC's income and losses on their tax returns, the IRS conducted an audit and disallowed certain deductions under 26 U.S.C. § 280E, which prohibits deductions for businesses engaged in unlawful trafficking of controlled substances. The IRS then recalculated the Taxpayers' tax liability and issued a notice of deficiency for the unpaid balance. The Taxpayers challenged that determination in the tax court, which affirmed on the basis that the Taxpayers had failed to substantiate the business expenses.

Both parties agree the tax court erred by injecting a substantiation issue into this case not raised in the notice of deficiency, and then placing the burden for refuting that claim on the Taxpayers. But the Commissioner argues we should affirm on the alternative ground that the Taxpayers did not meet their burden of proving the IRS's determination that THC was unlawfully trafficking in a controlled substance was erroneous. The Taxpayers disagree and contend placing the burden on them would violate their Fifth Amendment privilege. Because we conclude allocation of the burden of proof does not constitute "compulsion" under the Fifth Amendment, and because the Taxpayers have made no attempt to meet their evidentiary burden, we affirm the tax court on the alternative ground that § 280E prohibited the deductions.

## I.  BACKGROUND

THC was a Colorado limited liability company organized to "promote the cultivation and sale of medical marijuana products" and was licensed by Colorado to operate two medical marijuana dispensaries. App. at 3586–87. Ms. McDonald was a shareholder for tax years 2009–2011, and Mr. Feinberg, who filed joint tax returns with

2

Ms. Feinberg, was a shareholder for tax years 2010–2011. Because THC elected to be treated as an S corporation for tax purposes, its income and losses were reported on the Taxpayers' individual income tax returns.

The deficiencies identified by the IRS were in the years in which the Taxpayers reported THC's income and losses on their individual returns. These deficiencies were mostly attributable to income adjustments the IRS made after determining THC was ineligible for deductions pursuant to § 280E because THC "operates medical marijuana dispensaries and marijuana growing facilities," App. at 41, and was therefore engaged in a trade or business that "consists of trafficking in controlled substances." As a result, the IRS disallowed deductions for business expenses otherwise permitted by the Tax Code. *See* 26 U.S.C. § 162(a). During its audit, the IRS also reclassified many of THC's claimed business expenses as Costs of Goods Sold (COGS), resulting in their exclusion from gross income. But because the net upward adjustments to COGS did not exceed the disallowed deductions for business expenses, THC's overall taxable income for the audited years increased.

The Taxpayers filed a petition with the United States Tax Court seeking redetermination of the deficiencies. As part of the proceedings, the Taxpayers filed a motion *in limine* seeking a ruling that the Commissioner bore the burden of proving § 280E applied. Concluding the Taxpayers had the burden of proving § 280E did not apply, the tax court denied the motion.

During discovery, the IRS issued a request for information about the nature of THC's business. *Feinberg v. Comm'r*, 808 F.3d 813, 814 (10th Cir. 2015) [hereinafter

3

*Feinberg I*]. The Taxpayers resisted the request and asserted their Fifth Amendment privilege against self-incrimination. *Id.* at 814–15. The IRS responded by filing a motion to compel production, which the tax court granted. *Id.* at 815.

The Taxpayers next sought to enforce their Fifth Amendment privilege through a writ of mandamus filed in this court. *Id.* We noted the tax court proceedings "took an especially curious turn" when the Commissioner sought to compel discovery because "[i]n tax court, after all, it's the petitioners who carry the burden of showing the IRS erred in denying their deductions—and by invoking the privilege and refusing to produce materials that might support their deductions the petitioners no doubt made their task just that much harder." *Id.* We then denied the writ, concluding the Taxpayers' Fifth Amendment privilege could be protected by an appeal in the normal course. *Id.* at 816.

After the ruling in *Feinberg I*, the Commissioner abandoned the discovery request and instead filed a motion for summary judgment. The tax court denied the motion because "there [were] material issues of fact in dispute." App. at 2227. The parties stipulated that the two issues for trial were (1) whether the Taxpayers have "substantiated that they should be allowed [COGS] greater than those allowed" by the IRS's examination report and (2) whether the IRS "properly disallowed business expense deductions pursuant to section 280E." *Id.* at 3586.

After trial, the tax court concluded the Taxpayers had failed to substantiate higher COGS. But the tax court refused to consider whether § 280E applied to the business expenses, concluding instead that the Taxpayers failed to substantiate any of the business expenses for which the deductions were disallowed. The Taxpayers filed a motion for

4

reconsideration, arguing the tax court should not have relied on the Taxpayers' failure to substantiate their expenses because substantiation was not a basis for the IRS disallowing the deduction. The Commissioner agreed and urged the tax court to consider the § 280E arguments. The tax court denied the motion for reconsideration, and the Taxpayers appealed. Exercising jurisdiction pursuant to 26 U.S.C. § 7482(a)(1), we affirm, but on different grounds than those relied on by the tax court.

## II.    DISCUSSION

We begin our analysis of the issues on appeal with a discussion of the applicable standard of review. We then pause to provide legal context for our review. Turning next to the ground on which the tax court relied, we consider whether judgment against the Taxpayers was warranted by their failure to substantiate their business expenses. Concluding that it was not, we address the Commissioner's argument that judgment in its favor can be affirmed on the alternative ground that the Taxpayers failed to disprove the applicability of § 280E. In doing so, we reject the Taxpayers' argument that placing the burden of proof on them to disprove their business is engaged in the trafficking of a controlled substance violates their Fifth Amendment right against self-incrimination. And because the Taxpayers offered no evidence that THC was engaged in a business other than trafficking, we affirm the tax court's decision upholding the deficiency.

### A.    *Standard of Review*

"We review Tax Court decisions 'in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury.'" *Anderson v. Comm'r*, 62 F.3d 1266, 1270 (10th Cir. 1995) (quoting 26 U.S.C. § 7482(a)(1)). Therefore, "[w]e

review the Tax Court's factual findings under the clearly erroneous standard and review its legal conclusions de novo." *Id.*

### B. Legal Background

The Sixteenth Amendment grants Congress the power "to lay and collect taxes on incomes, from whatever source derived." U.S. Const. amend. XVI. The Internal Revenue Code differentiates between two types of income: "'gross income' and 'taxable income.'" *Alpenglow Botanicals, LLC v. United States,* 894 F.3d 1187, 1199 (10th Cir. 2018). Gross income includes "all income from whatever source derived, including . . . [g]ross income derived from business." *Id.* (quoting 26 U.S.C. § 61(a)). "Congress has the unquestioned constitutional and statutory authority to tax gross income." *Id.* But "[t]o ensure taxation of *income* rather than sales, the 'cost of goods sold' is a mandatory exclusion from the calculation of a taxpayer's gross income." *Id.*

Taxable income, on the other hand, "is the taxpayer's 'gross income minus the deductions allowed' by statute." *Id.* (quoting 26 U.S.C. § 63(a)). For example, businesses may deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." 26 U.S.C. § 162(a). But deductions "are matters of legislative grace specifically authorized by statute, and Congress has unquestioned power to condition, limit, or deny deductions from gross income in arriving at the net which is to be taxed." *Alpenglow*, 894 F.3d at 1199–1200 (citations omitted) (internal quotation marks omitted). One such limitation appears in 26 U.S.C. § 280E, which prohibits deductions

6

for any amount paid or incurred during the taxable year in carrying on any trade or business if such trade or business (or the activities which comprise such trade or business) consists of trafficking in controlled substances (within the meaning of schedule I and II of the Controlled Substances Act) which is prohibited by Federal law or the law of any State in which such trade or business is conducted.

Despite its legality in many states, marijuana is still a schedule I "controlled substance" under federal law. 21 U.S.C. § 812(c)(Schedule I)(c)(10); *Green Sol. Retail, Inc. v. United States*, 855 F.3d 1111, 1113 (10th Cir. 2017). And although the Justice Department did not criminally pursue dispensaries acting in accordance with state law during the relevant time period, "the IRS . . . show[ed] no similar inclination to overlook federal marijuana distribution crimes." *Alpenglow*, 894 F.3d at 1193 (internal quotation marks omitted).

### C.   Substantiation of Business Expenses

The parties both contend the tax court erred in denying the business expense deductions for failure to substantiate them under § 162 because the IRS based the deficiency notice solely on § 280E. We agree.

A notice of deficiency must "describe the basis for, and identify the amounts (if any) of, the tax due." 26 U.S.C. § 7522. In tax court, the petitioner usually bears the burden of proof, T.C. Rule 142(a), including the burden of proving the IRS incorrectly determined a deficiency provided in the notice. *See Feinberg I*, 808 F.3d at 815 ("[I]t is the petitioners who carry the burden of showing the IRS erred in denying their deductions . . . ."). But, if there is a "new matter" raised in the tax court that was not included in the deficiency notice, the burden is on the respondent. *Id.* "A new theory that

is presented to sustain a deficiency is treated as a new matter when it either alters the original deficiency or requires the presentation of different evidence." *Shea v. Comm'r*, 112 T.C. 183, 191 (1999) (quoting *Wayne Bold & Nut Co. v. Comm'r*, 93 T.C. 500, 507 (1989)).

Here, the IRS deficiency notice determined THC was engaged in unlawful trafficking and disallowed its business deductions under § 280E. But the tax court upheld the deficiency based on THC's failure to substantiate its business expenses. Because proving THC was not engaged in unlawful trafficking requires presentation of different evidence than substantiating the business expenses, the substantiation theory constitutes a new matter. The burden of proof on that new matter, and thus any failure of proof, falls on the Commissioner, as the respondent, not on the Taxpayers. As a result, the tax court erred by affirming the denial of the deductions based on the Taxpayers' failure to adduce evidence to substantiate the expenses.

### D. Section 280E

Despite the tax court's error, the Commissioner argues this court may affirm on the alternative ground that the Taxpayers failed to meet their burden of proving the IRS erred in denying the deductions based on § 280E. This court has "discretion to affirm on any ground adequately supported by the record." *Elkins v. Comfort*, 392 F.3d 1159, 1162 (10th Cir. 2004). "In exercising that discretion [the court] consider[s] whether the ground was fully briefed and argued here and below, whether the parties have had a fair opportunity to develop the factual record, and whether, in light of factual findings to

8

which we defer or uncontested facts, [the court's] decision would involve only questions of law." *Id.* (citations omitted) (internal quotation marks omitted).

The Taxpayers do not object to this court deciding the question in the first instance. But they contend that requiring them to bear the burden of proving the IRS erred in applying § 280E violates their Fifth Amendment privilege against self-incrimination. The Taxpayers further argue that if the burden is properly assigned to the IRS, it must bear the consequences of any failure of proof. The parties presented these issues both to this court and to the tax court, had a fair opportunity to develop the factual record, and are not asking this court to make any factual determinations. Therefore, we will consider on appeal the alternative ground that the deficiency is justified by § 280E.

To begin, we address the Taxpayers' contention that requiring them to prove the IRS erred in applying § 280E violates their Fifth Amendment privilege against self-incrimination. Concluding the burden does not violate the Fifth Amendment, we next consider whether the Taxpayers met their burden to prove § 280E is inapplicable.

1. **Fifth Amendment Challenge**

The Taxpayers claim that assigning them the burden of proving the IRS erred in applying § 280E to THC would violate their Fifth Amendment privilege. In *Feinberg I*, this court rejected the Taxpayer's motion for a writ enjoining the tax court from compelling the production of documents because we concluded the Fifth Amendment claims could be addressed on appeal after final judgment. 808 F.3d at 818. In predicting some of the more difficult Fifth Amendment questions that might arise on appeal, we explained:

9

> [I]f the petitioners stand on their privilege we would face the difficulty of separating out a permissible adverse inference . . . from an impermissible sanction. . . . Similarly, if the petitioners choose to produce the discovery under compulsion we might have to confront the question whether any error by the tax court in ordering production was harmless and so beyond our power to remedy after final judgment.

*Id.* at 817. But none of those concerns came to fruition. The Taxpayers did not produce discovery under compulsion. Nor did the tax court impose a sanction for the Taxpayers' failure to do so. Instead, the case went to trial without any additional discovery and with the Taxpayers bearing the burden of proving the IRS erred in applying § 280E.

Recent pronouncements from this court confirm that taxpayers normally bear the burden of proving the IRS erred in determining a business was engaged in unlawful trafficking. *See Feinberg I*, 808 F.3d at 815 ("In tax court . . . it's the petitioners who carry the burden of showing the IRS erred in denying their deductions . . . ."); *Alpenglow*, 894 F.3d at 1198 ("But in an action to recover taxes paid to the IRS, the taxpayer has the burden to show not merely that the IRS's assessment was erroneous, but also the amount of the refund to which the taxpayer is entitled. Under this rule, the burden falls on [the taxpayer] to show error, not on the IRS to prove trafficking." (citation omitted) (internal quotation marks omitted)). But those cases did not consider whether that placement of the burden would violate the taxpayers' Fifth Amendment rights, *see Alpenglow*, 894 F.3d at 1197 ("Alpenglow has not raised a Fifth Amendment challenge on appeal . . . ."), an issue we now consider in the first instance.

In support of their argument that imposition of the burden violated their privilege against self-incrimination, the Taxpayers cite a series of Supreme Court cases

10

recognizing the Fifth Amendment "right not to be criminally liable for one's previous failure to obey a statute which required an incriminatory act." *Leary v. United States*, 395 U.S. 6, 28 (1969) (considering a petitioner's claim that compliance with transfer tax provisions would expose him to prosecution under state narcotics laws); *see also Haynes v. United States*, 390 U.S. 85, 95 (1968) (considering a petitioner's claim that "satisfaction of his obligation to register would have compelled him to provide information incriminating to himself"); *Grosso v. United States*, 390 U.S. 62, 66–67 (1968) (dealing with a statute where the petitioner "is obliged, on pain of criminal prosecution, to provide information which would readily incriminate him, and which he may reasonably expect would be provided to prosecuting authorities"); *Marchetti v. United States*, 390 U.S. 39, 42 (1968) (concluding statutory registration requirements "may not be employed to punish criminally those persons who have defended a failure to comply with their requirements with a proper assertion of the privilege against self-incrimination"). The petitioners in those cases, however, were prosecuted for failing to comply with a statute compelling them to provide self-incriminating information, and the Court determined the Fifth Amendment privilege provided a complete defense to that failure. *See, e.g.*, *Haynes*, 390 U.S. at 95 (considering the petitioner's contention that "satisfaction of his obligation to register would have compelled him to provide information incriminating himself"); *Marchetti*, 390 U.S. at 61 ("[T]hose who properly assert the constitutional privilege as to [the provisions requiring incriminatory conduct] may not be criminally punished for failure to comply with their requirements."). In other

11

words, the Fifth Amendment privilege barred prosecution for failing to provide

self-incriminating information.

The Taxpayers fail to explain how requiring them to bear the burden of proving

the IRS erred in applying § 280E to calculate their civil tax liability is a form of

compulsion equivalent to a statute that imposes criminal liability for failing to provide

information subjecting the party to liability under another criminal statute.[1] Here, the

Taxpayers must choose between providing evidence that they are not engaged in the

trafficking of a controlled substance or forgoing the tax deductions available by the grace

of Congress. In the cases cited by the Taxpayers, the petitioners were faced with a choice

of whether to be prosecuted criminally because they did not provide the information, or

---

[1] The Taxpayers devote a large portion of their reply brief discussing the application of these cases to "substantiation" and COGS. In this appeal, the Taxpayers did not challenge the tax court's determination that the Taxpayers did not substantiate higher COGS than those allowed by the IRS. Therefore, they waived any argument relating to substantiation of COGS. *See Alder v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived . . . ."). And neither substantiation nor COGS is relevant to the issue of whether the Taxpayers' Fifth Amendment privilege is violated by requiring them to prove the IRS erred in rejecting THC's business deductions under § 280E. First, § 280E does not have a substantiation component. Second, the IRS did not use § 280E to deny any COGS in this case. In fact, the IRS's position is that § 280E does not apply to COGS because COGS is an "exclusion," not a "deduction." Comm'r's Br. at 7 (citing *Alterman v. Comm'r*, T.C. Memo. 2018-83 at *30).

In their first letter submitted under Federal Rule of Appellate Procedure 28(j), the Taxpayers also point this court to *Speiser v. Randall*, 357 U.S. 513 (1958). But *Speiser* involved a due process argument that the taxing framework restricted speech in violation of the First Amendment, and it never mentions the Fifth Amendment privilege against self-incrimination. *Speiser*, 357 U.S. at 523–25.

to be prosecuted criminally because they did. The circumstances are easily distinguishable.

Nor can we adopt the Taxpayers' position without running afoul of Supreme Court precedent "squarely reject[ing] the notion . . . that a possible failure of proof on an issue where the defendant had the burden of proof is a form of 'compulsion' which requires that the burden be shifted from the defendant's shoulders to that of the government." *United States v. Rylander*, 460 U.S. 752, 758 (1983). Such a concept "would convert the [Fifth Amendment] privilege from the shield against compulsory self-incrimination which it was intended to be into a sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his." *Id.* The Fifth Amendment privilege "has never been thought to be in itself a substitute for evidence that would assist in meeting a burden of production." *Id.*

To be sure, "by invoking the privilege and refusing to produce the materials that might support their deductions the [Taxpayers] no doubt made their task [of proving the IRS erred in denying their deductions] that much harder." *Feinberg I*, 808 F.3d at 815. But "a party who asserts the privilege against self-incrimination must bear the consequences of [the] lack of evidence." *United States v. Goodman*, 527 F. App'x 697, 700 (10th Cir. 2013) (quotation marks omitted). *Rylander* teaches that the Taxpayers' possible failure of proof on an issue on which they bear the burden is not "compulsion" for purposes of the Fifth Amendment. *Id.*[2] Therefore, we reject the Taxpayers' contention

---

[2] Although the Commissioner argued *Rylander* in its response brief, the Taxpayers did not address the case in its reply. Instead, after this court expressed interest in

that bearing the burden of proving the IRS erred in rejecting THC's business deduction under § 280E violated the Taxpayers' Fifth Amendment privilege.

## 2. Taxpayers' Evidence in Support of Meeting Burden

Because we conclude the Taxpayers bear the burden of proving the IRS erred in applying § 280E, we must determine whether the Taxpayers met that burden. The

*Rylander* at oral argument, the Taxpayers attempted to challenge the applicability of *Rylander* through a second rule 28(j) letter. The Taxpayers argue "*Rylander* is not dispositive because taxation of illegal activity is 'fundamentally different' than taxation for revenue raising or regulatory purposes, with a fully different set of rules." Taxpayers' Jan. 31, 2019 28(j) Letter (quoting *Dep't of Revenue of Mont. v. Kurth Ranch*, 511 U.S. 767, 782 (1994)). The distinction *Kurth Ranch* drew between taxation of illegal activity and taxation for revenue raising purposes was based on a double jeopardy clause analysis and makes no mention of the privilege against self-incrimination. 511 U.S. at 778–83. In their rule 28(j) letter, the Taxpayers also make arguments for the first time in this appeal about the government's burden in forfeiture cases and the tax court's ability to preempt nontax state law regarding marijuana.

None of these are proper uses of a rule 28(j) letter. The Taxpayers' attempt to interject issues of double jeopardy, forfeiture, and preemption is a "tactical shift [that] comes far too late in the day." *Niemi v. Lasshofer*, 728 F.3d 1252, 1262 (10th Cir. 2013). "[W]e generally refuse to consider any . . . new issue introduced for the first time in a reply brief, let alone in a Rule 28(j) letter." *Id.* A rule 28(j) letter's purpose is "not to interject a long available but previously unmentioned issue for decision." *Id.* And to allow a party to use a rule 28(j) letter for such purpose

> risks leaving opponents with no opportunity (at least if they abide by the rules of appellate procedure) for a proper response; it risks an improvident opinion from this court by tasking us with the job of issuing an opinion without the full benefits of the adversarial process; and it invites an unsavory degree of tactical sandbagging by litigants in future cases: why bother pursuing a potentially winning issue at the outset when you can wait to introduce it at the last second and leave your opponent without a chance to respond?

*Id.* Therefore, we will not consider the Taxpayers' arguments regarding double jeopardy, forfeiture, or preemption. And, for the reasons discussed above, we conclude *Rylander* is dispositive of the only question we are faced with in this appeal—whether placing the burden of proof on the Taxpayers violates the Fifth Amendment privilege.

Taxpayers do not point to any evidence they introduced to meet this burden. Instead, they contend there is a complete absence of proof that the Taxpayers unlawfully trafficked a controlled substance for purposes of § 280E. In support, the Taxpayers quote a portion of the tax court's opinion that noted "there is not enough evidence in the record to make a finding of fact that THC sold medical marijuana," App. at 3597, and claim it "is fatal to the IRS's assertion that Section 280E applies," Taxpayers' Br. at 14. We reject this argument for two reasons.

First, the Taxpayers take the tax court's comment out of context. The tax court was considering whether the Taxpayers could substantiate higher COGS than allowed by the IRS by relying on a rule that allows it to "estimate the amount of a deductible expense if a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount." App. at 3596 (citing *Cohan v. Comm'r*, 39 F.2d 540 (2d Cir. 1930)). The Taxpayers wanted the tax court to make this estimate of COGS "based on industry standards for the medical marijuana industry." *Id.* at 3595. Recognizing that "THC held licenses for selling medical marijuana in Colorado" during the relevant tax years, the tax court decided to "proceed as if THC was in the business of selling medical marijuana," even though "there is not enough evidence in the record to make a finding of fact that THC sold medical marijuana." *Id.* at 3596–97. In other words, the tax court refused to allow the Taxpayers to rely on industry standards for the marijuana industry while simultaneously refusing to meet their burden of establishing that they had indeed incurred COGS in that industry. The tax court did not find the Taxpayers were not unlawfully

15

trafficking a controlled substance; it simply chided the Taxpayers for failing to meet their evidentiary burden.

Second, as with COGS, "the burden falls on [the taxpayer] to show error [as to the application of § 280E], not on the IRS to prove trafficking." *Alpenglow*, 894 F.3d at 1198. Therefore, the question is not whether the Commissioner introduced sufficient evidence to support the IRS's finding of unlawful trafficking, but whether the Taxpayer introduced evidence to prove THC was not unlawfully trafficking a controlled substance. Thus, an absence of proof on the issue weighs against the taxpayers, not in their favor.

The Taxpayers have not pointed to any evidence showing the IRS erred in determining they were engaged in unlawfully trafficking a controlled substance. Therefore, the Taxpayers failed to meet their burden of proving the IRS's determination that the deductions should be disallowed under § 280E was erroneous, and we affirm the tax court on this alternative ground.

## III.   CONCLUSION

The tax court erred in determining the Taxpayers were not entitled to the business expense deductions because they failed to substantiate the expenses at trial. But we affirm on the alternative ground that the Taxpayers failed to meet their burden of proving the IRS erroneously concluded THC was unlawfully trafficking in a controlled substance. As

16

a result, § 280E precluded the deduction of the Taxpayers' business expenses, and the tax court properly rejected their challenge to the deficiency.[3]

---

[3] The Taxpayers are understandably frustrated with the loss of their business expense deductions under § 280E. Despite operating in accordance with state law controlling the distribution of medical marijuana, the Taxpayers are subject to greater federal tax liability than other legitimate state businesses. But state legalization of marijuana cannot overcome federal law. *See Hancock v. Train*, 426 U.S. 167, 178 (1976) ("It is a seminal principle of our law 'that the [United States C]onstitution and the laws made in pursuance thereof are supreme; that they control the constitution and laws of the respective States, and cannot be controlled by them.'" (quoting *McCulloch v. Maryland*, 4 Wheat. 316, 426 (1819))). Thus, the Taxpayers' remedy must come from Congressional change to § 280E or 21 U.S.C. § 812(c)(Schedule I) rather than from the courts.