BRISCOE, J., concurring.
I concur in the judgment and join except for Part II.A.4 of the majority's well-reasoned opinion. I agree with the majority that the exhaustion requirement in the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, applies to May's procedural due process claim. While I would reach the same result, I would apply the Federal Rules of Civil Procedure to decide this case rather than the tender rule adopted by the majority.
The PLRA provides that "[n]o action shall be brought with respect to prison conditions ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under Jones v. Bock , 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), *1236 as the majority succinctly explains, "the PLRA's imperative is properly understood to apply to claims and not entire actions," Maj. Op. at 1228, and "courts should generally not depart from the usual practice under the Federal Rules [of Civil Procedure] on the basis of perceived policy concerns" when applying the PLRA, Jones , 549 U.S. at 212, 127 S.Ct. 910. In this case, as the majority highlights, the only claim at issue is May's procedural due process claim. Maj. Op. at 1227-28. Therefore, under Jones , we should determine when May's procedural due process claim was "brought" under the PLRA.
I agree with the majority that May "brought" his procedural due process claim when he filed his initial complaint because, under Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3 ; see Maj. Op. at 1227-28. The next question, then, is whether later amendments to the initial complaint alter this conclusion. I respectfully disagree with the majority's approach which assumes that the Second Amended Complaint introduces a new claim[1] and the majority's subsequent decision to apply the tender rule-a judge-made equitable principle found nowhere in the Federal Rules-to conclude that the "new" claim is subject to the PLRA's exhaustion requirement. Instead, I would apply the Federal Rules to determine whether the Second Amended Complaint relates back to the filing of the initial complaint.
Before applying the Federal Rules, it is helpful to recall the procedural history of this case. As is relevant here, the district court ordered May to cure deficiencies in his initial complaint resulting from his failure to use a standardized prisoner complaint form. May cured these deficiencies by refiling his initial complaint using the required form (the "First Amended Complaint"). Both the initial complaint and the First Amended Complaint named three defendants: George Santini, Frank Cordova, and the Federal Bureau of Prisons. Both the initial complaint and the First Amended Complaint stated that Segovia, as the administrator of the Federal Prison Camp, threatened May with "other action" if he refused to take Ivermectin. App. at 12, 24. Shortly after May filed the First Amended Complaint, the district court dismissed the Bureau of Prisons as a defendant, reasoning that suit against the Bureau was barred by sovereign immunity.
The record reflects that on May 27, 2015-90 days after May filed his initial complaint-Juan Segovia executed a sworn declaration in which he declared that he was responsible for the decision to place May in the Special Housing Unit. See App. at 72-74. In response to this declaration, and presumably the district court's dismissal of the Bureau of Prisons as a defendant, May filed the Second Amended Complaint, albeit without leave of court. The Second Amended Complaint contained nearly identical allegations as the initial complaint and First Amended Complaint but named only two defendants: Segovia and Cordova. Given this background, it seems clear that May, a pro se prisoner, never attempted to add any new claims when he filed his Second Amended Complaint, but rather sought only to identify the proper defendants as a result of subsequent developments in the district court.
Federal Rule of Civil Procedure 15(c) governs the relation back of amendments to the original pleadings. Under Rule 15(c),
(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
*1237 (A) the law that provides the applicable statute of limitations allows relation back;
(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; or
(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within [90 days of the filing of the relevant pleading], the party to be brought in by amendment:
(i) received such notice of the action that it will not be prejudiced in defending on the merits; and
(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.
(2) Notice to the United States . When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency.
Fed. R. Civ. P. 15(c). Whether Rule 15(c)(1)(B) is satisfied "depends on the existence of a common core of operative facts uniting the original and newly asserted claims," Mayle v. Felix , 545 U.S. 644, 659, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005) (internal quotation marks omitted) (interpreting prior, but materially analogous, version of Federal Rule of Civil Procedure 15(c) ), and we examine "what the party to be added knew or should have known," Krupski v. Costa Crociere S.p.A. , 560 U.S. 538, 541, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010), to determine whether Rule 15(c)(1)(C) is met.
On appeal, Segovia argues that the Second Amended Complaint relates back to the initial complaint because the amendments arose out of the same conduct, transaction, or occurrence set out in the initial complaint and he received adequate notice of the amendments. Segovia Resp. Br. at 18 & n.6. I agree that "the Second Amended Complaint asserts the same claims as those contained in the original complaint and is grounded on the same nucleus of operative facts." Segovia Resp. Br. at 18 (internal quotation marks and citation omitted). I also agree that Rule 15(c) 's notice requirements are satisfied, albeit for a different reason than the one advanced by Segovia. While Segovia briefly states in a footnote that Rule 15(c) 's notice requirements are satisfied in this case through Rule 15(c)(2), the record reflects that Rule 15(c)(1)(C) 's notice requirement is clearly satisfied. Based on his sworn declaration, Segovia received actual notice of the action within 90 days of the filing of the initial complaint, stated that he was the responsible actor behind the decision to move May to the Special Housing Unit, and after he was named as a defendant he defended the merits of the action, without any claim or showing of prejudice.[2] Therefore, by satisfying all of the requirements of Rule 15(c)(1)(C), the Second Amended Complaint relates back to the filing of the initial complaint, and thus any claim in the Second Amended Complaint is subject to the exhaustion requirement in the PLRA. This approach is *1238 consistent with both the text of the PLRA and the Federal Rules of Civil Procedure, Segovia Resp. Br. at 17-20, and Segovia's overarching argument on appeal that a prisoner's status at the time he files the initial complaint in a civil action determines the applicability of the PLRA's exhaustion requirement. I would therefore affirm the district court on this alternative basis.[3]
The majority appears to disfavor this course because, as May argued on appeal, it may be inconsistent with the remedial purposes of the Rule 15(c).[4] See Maj. Op. at 1230-31. Even if this were the case, the same concerns would apply to the tender rule which, as the majority explains, has its own origins in tolling the statute of limitations for plaintiffs. Id. at 1232-33 (citing cases where courts tolled the statute of limitations upon the filing of a motion to amend rather than the operative filing date of the underlying pleading). Accordingly, I am not convinced the tender rule, a judge-made equitable device employed to toll the statute of limitations, should be given precedence over the plain text of Rule 15(c).
Nonetheless, I agree with the majority that May was required to exhaust his procedural due process claim and failed to do so. Therefore, for the reasons explained, I concur.

The majority recognizes that the Second Amended Complaint is not a supplemental complaint within the meaning of Federal Rule of Civil Procedure 15(d). Maj. Op. at 1232.

Segovia waived any possible affirmative defense based on insufficient service of process. See Fed. R. Civ. P. 12(h)(1).

"This court has discretion to affirm on any ground adequately supported by the record." Feinberg v. Comm'r , 916 F.3d 1330, 1334 (10th Cir. 2019) (internal quotation marks omitted).

Nothing in the text of Rule 15(c) disfavors application of the relation back provision in the manner advocated.