FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**February 9, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MARIE WATSON,

    Plaintiff - Appellant,

v.

EMC CORP.,

    Defendant - Appellee.

No. 22-1356
(D.C. No. 1:19-CV-02667-RMR-STV)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.

_____

After Metropolitan Life Insurance Company ("MetLife") refused to pay life insurance benefits to Marie Watson following her husband's death, she sued EMC Corporation ("EMC"), her husband's former employer, for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3)(B), a provision of the Employee Retirement Income Security Act ("ERISA").  The district court denied relief.  Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

### A.  *Factual History*

In 2000, Thayne Watson started working at EMC.  He participated in EMC's benefits plan, which included a MetLife group basic life insurance policy.  In 2015, when Dell, Inc. purchased EMC, he accepted a voluntary separation plan ("VSP").  Under the VSP, Mr. Watson would stop working for EMC, but EMC would continue to pay him and he would retain employment benefits through November 24, 2016, when his employment would end.  At that point, Mr. Watson could "convert" his life insurance from a group to an individual policy, App. at 77, and he was eligible for "continued" group health coverage, *id.* at 110.

On November 29, 2016, five days after Mr. Watson's employment ended, he emailed EMC, stating, "I took VSP on 12-31-2016 [sic].  My pay ended on 11-24-2016.  How do I start paying for my benefits at the employee rate for the next year?" *Id.* at 118.[1]  On November 30, 2016, an EMC benefits representative responded, "You will be receiving a bill form [sic] [APD, LLC ("ADP"),] pay flex to continue paying for your benefits.  Benefits remain active during the transition." *Id.*

Mr. Watson never converted his MetLife life insurance from a group to an individual policy.  He paid each bill he received from ADP.

---

[1] Mr. Watson mistakenly wrote that his VSP began on December 31, 2016. Aplt. Br. at 5 n2.  His VSP began on December 31, 2015.  *Id.*; Aplee. Br. at 2; App. at 108.

2

Mr. Watson died on September 18, 2017.  His wife, Marie Watson, filed a life insurance claim.  MetLife denied her claim because Mr. Watson never converted his life insurance from a group to an individual policy or paid premiums, so his coverage ended on November 24, 2016.

B.  *Procedural History*

Ms. Watson sued EMC under 29 U.S.C. § 1132(a)(3)(B)[2] for breach of fiduciary duty, seeking surcharge[3] as an equitable remedy.  She alleged EMC breached its fiduciary duty because its November 30 email was misleading and caused Mr. Watson to believe he still had basic life insurance coverage.  Mr. Watson and EMC filed a joint stipulation and motion for determination, agreeing that no evidentiary hearing was needed.

The district court granted the motion and denied relief.  It assumed without deciding that EMC breached its fiduciary duty, App. at 203-04,[4] and held Ms. Watson

---

[2] Section 1132(a)(3)(B) provides:
> A civil action may be brought . . . by a participant, beneficiary, or fiduciary . . . to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

[3] Surcharge is a "form of monetary compensation." *CIGNA Corp. v. Amara*, 563 U.S. 421, 441 (2011) (quotations omitted).  Before the merger of law and equity, courts of equity could award surcharge "for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." *Id.*

[4] EMC argues it did not breach its fiduciary duty.  Aplee. Br. at 18-27.  Because the district court did not decide that issue, we decline to address it. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."); *N. Tex. Prod. Credit Ass'n v. McCurtain Cnty. Nat'l Bank*, 222 F.3d 800, 812 (10th Cir. 2000) ("As a general rule, we

could seek surcharge as an equitable remedy under § 1132(a)(3)(B), App. at 205-07.[5]

But the court denied relief because it found surcharge would not be "appropriate equitable relief" under the circumstances. *Id*. at 207. The court explained:

> Although [Ms. Watson] argues that Mr. Watson and she were under the impression that such payments were being made and that Mr. Watson would have made such payments if he had been properly informed to convert his group life insurance policy to an individual policy in order to continue such payments, it remains that Mr. Watson was not entitled to coverage because he did not convert the group life policy to an individual policy. . . . *Given that Mr. Watson did not pay any premiums* toward a life insurance policy that [Ms. Watson] now seeks to recover, the Court does not find that the request for surcharge in the amount of the life insurance benefits of $663,000 constitutes "appropriate equitable relief" under ERISA in this case. *See* 29 U.S.C. § 1132(a)(3).

do not consider issues not passed on below, and it is appropriate to remand the case to the district court to address an issue first.").

[5] The district court rejected EMC's argument that a surcharge award would amount to "compensatory damages" that are not recoverable under § 1132(a)(3)(B). App. at 205-07. Following *Amara*, it said surcharge could qualify as "appropriate equitable relief" under the statute. *Id.* at 207. EMC contends the surcharge that Ms. Watson requested was inappropriate, Aplee. Br. at 27-31, but it has not adequately developed an argument in its response brief that a surcharge is never appropriate under § 1132(a)(3)(B).

EMC later submitted a Fed. R. App. P. 28(j) letter pointing out that *Rose v. PSA Airlines, Inc.*, 80 F.4th 488 (4th Cir. 2023), *petition for cert. filed* (U.S. Jan. 8, 2024) (No. 23-734), had declined to follow *Amara* and suggesting we should do the same. Doc. 11037434. But without the benefit of full briefing (here or in district court) and district court analysis on whether *Rose*, a nonbinding out-of-circuit case, should affect the surcharge issue here, we do not consider EMC's suggestion. *See, e.g.*, *United States v. Schneider*, 594 F.3d 1219, 1227-28 (10th Cir. 2010) (recognizing this court may decline to consider an alternative ground to affirm); *Feinberg v. Comm'r*, 916 F.3d 1330, 1334 (10th Cir. 2019) (same). EMC may, however, ask the district court to consider its *Rose* argument on remand.

*Id.* at 207-08 (citation omitted) (emphasis added).  The court entered judgment for EMC.

Ms. Watson timely appealed.

## II.  **DISCUSSION**

### A.  *Standard of Review*

We review a district court's equitable remedy determination under 29 U.S.C.

§ 1132(a)(3)(B) for abuse of discretion.  *Downie v. Indep. Drivers Ass'n Pension Plan*,

934 F.2d 1168, 1170 (10th Cir. 1991).  "Under the abuse of discretion standard, we defer

to the district court's judgment if it is rationally sustainable on the law and facts."  *D.K. v.*

*United Behav. Health*, 67 F.4th 1224, 1235 (10th Cir. 2023) (quotations omitted).  "[A]n

error of law is per se an abuse of discretion," *United States v. Nkome*, 987 F.3d 1262,

1269 (10th Cir. 2021) (quotations omitted), and "we decide the presence or absence of

legal error de novo," *El Encanto, Inc. v. Hatch Chile Co., Inc.*, 825 F.3d 1161, 1162

(10th Cir. 2016).[6]

### B.  *Ms. Watson's § 1132(a)(3)(B) Claim*

#### 1.  **Legal Background**

"Congress enacted ERISA to 'protect . . . the interests of participants in employee

benefit plans and their beneficiaries' by setting out substantive regulatory requirements

---

[6] Ms. Watson argues we should review de novo because the district court committed legal error.  Aplt. Br. at 14-15; Aplt. Reply Br. at 1-2.  As explained above, our abuse of discretion standard includes de novo review for legal error.  *El Encanto, Inc. v. Hatch Chile Co., Inc.*, 825 F.3d 1161, 1162 (10th Cir. 2016).  "[I]n cases like this, where everything turns on the interpretation of . . . statutes, it's a bit anomalous to ask whether the district court abused its discretion.  The real question is simply whether we think the district court read the law correctly."  *Id.*

for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting 29 U.S.C. § 1001(b)).

ERISA imposes fiduciary duties on plan providers. 29 U.S.C. § 1104. It requires fiduciaries to "discharge [their] duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . for the exclusive purpose of . . . providing benefits to participants and their beneficiaries." § 1104(a)(1)(A)(i).

Plan beneficiaries may enforce their rights through civil actions. 29 U.S.C. § 1132. Section 1132(a)(1)(B) permits a beneficiary to bring an action "to recover benefits due to him under the terms of his plan" or "to enforce his rights under the terms of the plan." Section 1132(a)(3)(B), by contrast, does not limit a beneficiary to the terms of the plan. Instead, it permits a beneficiary to bring an action "to obtain other appropriate equitable relief." § 1132(a)(3)(B). It is a "'catchall' provision[]" that "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that [ERISA] does not elsewhere adequately remedy," including relief for beneficiaries harmed by breach of fiduciary duty. *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996).

2. **Application**

The district court committed legal error and therefore abused its discretion because it treated Ms. Watson's § 1132(a)(3) claim for fiduciary breach as a § 1132(a)(1)(B) claim to recover under the plan. These provisions provide for distinct claims.

Section 1132(a)(1)(B) allows recovery of "benefits due . . . under the terms of [a] plan." Section 1132 (a)(3)(B) allows recovery of "equitable relief." Plaintiffs entitled to

6

benefits under the terms of a plan cannot obtain § 1132(a)(3)(B) relief because they have another "adequate[] remedy" under § 1132(a)(1)(B). *Varity Corp.*, 516 U.S. at 512.

Because Mr. Watson failed to convert his insurance from a group to an individual policy and pay premiums, Ms. Watson was not entitled to benefits "under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). So she sued instead for breach of fiduciary duty under § 1132(a)(3)(B), seeking equitable relief "for injuries caused by violations that [ERISA] does not elsewhere adequately remedy." *Varity Corp.*, 516 U.S. at 512.

The district court determined Ms. Watson was not entitled to equitable relief because Mr. Watson failed to convert his life insurance from a group to an individual policy and pay premiums. By examining only whether Ms. Watson could recover under the terms of the plan, the court legally erred in treating her § 1132(a)(3)(B) claim for fiduciary breach as a § 1132(a)(1)(B) claim to recover under the plan.

### III. **CONCLUSION**

We reverse and remand for further proceedings consistent with this opinion.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge